**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | |
|---|---|
| In re:  DANIEL L. ARCHER, JR.<br>3081 Logandale Avenue<br>Richmond, VA 23224<br>xxx-xx-7262<br>Debtor. | Case No. 16-31783-KLP<br>Chapter 13 |

**OBJECTION TO MOTION TO AUTHORIZE**
**CONFIRMATION OF CHAPTER 13 PLAN**

COMES NOW the Commonwealth of Virginia, Department of Social Services, Division of Child Support Enforcement (the "Division"), by counsel, and hereby objects to the Motion to Authorize Confirmation of Chapter 13 Plan (the "Motion") by the debtor in the above-captioned case (the "Debtor"), and in support thereof respectfully states as follows:

1. On April 10, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code.

2. On April 24, 2016, the Debtor filed his proposed chapter 13 plan (the "Plan").

3. On June 14, 2016, the Division filed an objection to confirmation of the Plan due to the Debtor's default in post-petition domestic support obligations (the "Objection"). A hearing on the Objection was originally scheduled for June 22, 2016 and continued by agreement to July 7, 2016.

4. At the hearing held July 7, 2016, the Court sustained the Objection and the clerk entered the Court's standard Order Denying Confirmation of Plan and Directing Clerk to Dismiss Case if conditions of LBR 3015-2 are not met (Docket No. 21) (the "Order Sustaining Objection").

Elizabeth L. Gunn, VSB No. 71044
Assistant Attorney General
Dept. of Social Services, Division of Child Support Enforcement
2001 Maywill Street, Suite 200
Richmond, VA 23230
804-367-8270
elizabeth.gunn@dss.virginia.gov

5. On July 27, 2016, the Debtor filed his Certification re: Compliance with Requirements of 11 U.S.C. Section 1325 and Requesting Confirmation of Plan (Docket No. 23).

6. On July 29, 2016, the Debtor filed the Motion.

*B.   Argument*

7. Local Bankruptcy Rule 3015-2 directs the clerk to "issue an order dismissing a chapter 13 case unless, within 21 days after denial of confirmation:

>  (a) The debtor files a new Modified Chapter 13 Plan and Related Motions;
>
>  (b) The debtor converts or moves to convert the case to another chapter of the Bankruptcy Code;
>
>  (c) The debtor files a motion for reconsideration or appeals the denial of confirmation; or
>
>  (d) The Court otherwise orders."

LBR 3015-2(H)(3). As of the date hereof, the Debtor has not met any of the requirements in LBR 3015-2(H)(3).

8. The filing of the Objection by the Division created a contested matter, governed by Federal Rule of Bankruptcy Procedure 9014. Absent language to the contrary, entry of an order upon an underlying motion resolves and terminates that motion on the court's docket. In this case, the Order Sustaining Objection was a substantive ruling upon the confirmation of the Plan as proposed by the Debtor. LBR proscribes the options the Debtor has as a result of the Division's objection being sustained. Seeking to request confirmation of a Plan that has previously been denied confirmation as the Motion requests is not an option, nor procedurally appropriate.

9. Pursuant to Federal Rule of Bankruptcy Procedure 9023, the deadline to file a motion to alter or amend a judgment is 14 days after entry of the judgment. The Order Sustaining Objection was entered on July 7, providing a deadline for the Debtor to file motion to alter or amend of July 21, 2016. Similarly, the deadline to file an appeal of the Order was 14 days after entry of the order. See Federal Rule of Bankruptcy Procedure 8002(a)(1).

10. The Division acknowledges that it received a payment from the Debtor on or about July 28, 2016 in the amount of $783.00. The Debtor's monthly support obligation is $261.00, due the first day of each month. As stated in the Objection, the Debtor would owe for all post-petition support obligations beginning in May 2016. The July 28, 2016 payment satisfied the Debtor's obligations for May through July 2016. As of the date hereof, the Debtor has not made his August 2016 payment.

11. Any modified plan filed by the Debtor would provide the Division with the opportunity to again review the Debtor's post-petition payment status and to raise the issue of post-petition default at any confirmation hearing(s) set thereon.

12. The Division concedes that if the Plan were properly before the Court, it would likely be ready for confirmation. However, the Debtor's Motion is attempting to create an end-run around the procedural requirements of the court, the effect of the Order Sustaining Objection, and the required notice periods. Simply stated, it is procedurally improper and the Division objects to the relief sought.

WHEREFORE, for the reasons stated herein, the Commonwealth of Virginia, Department of Social Services, Division of Child Support Enforcement, respectfully requests that the Court deny the Debtor's Motion to Authorize Confirmation of Chapter 13 Plan and grant the Division such other and further as it deems just and proper.

Dated: August 10, 2016

COMMONWEALTH OF VIRGINIA,
DEPARTMENT OF SOCIAL SERVICES,
DIVISION OF CHILD SUPPORT ENFORCEMENT

/s/ Elizabeth L. Gunn
Elizabeth L. Gunn, VSB No. 71044
Assistant Attorney General
Dept. of Social Services
Division of Child Support Enforcement
2001 Maywill Street, Suite 200
Richmond, VA 23230
804-367-8270
elizabeth.gunn@dss.virginia.gov

## Certificate of Service

  I hereby certify that on the 10th day of August, 2016, I electronically filed the foregoing Objection to Confirmation of Chapter 13 Plan with the Clerk of Court using the CM/ECF system, which provides electronic notice of such filing to all parties that receive notice in this matter including the following:

    Pia J. North, Esq.
    *Counsel for the Debtor*

    Carl M. Bates, Esq.
    *Chapter 13 Trustee*

and mailed a copy of the foregoing by first class mail, postage prepaid, to the following non-CM/ECF participant:

    Daniel L. Archer, Jr.
    3081 Logandale Avenue
    Richmond, VA 23224

      /s/ Elizabeth L. Gunn
      Assistant Attorney General